AUDREY-GRACE CORP., Appellant, v. ENTROC REALTY CORPORATION, NETTIE HELD, EDWARD HELD, MILTON C. WEISMAN, EMANUEL CELLER, ELMER F. QUINN, SAMUEL S. ALLAN and MURRAY C. SPETT, Copartners Doing Business under the Firm Name and Style of WEISMAN, CELLER, QUINN, ALLAN & SPETT, Respondents.— In an action by the assignee of a purchaser for specific performance of a contract of sale of real property, judgment dismissing complaint on the merits and adjudicating that plaintiff and its assignor have breached the contract, modified as follows: By providing at the end of the first ordering paragraph as follows: "but without prejudice to the rights of the plaintiff under the contract, and commencement of such action as he may be advised in the event that the seller fail to procure an order of reorganization as contemplated by the contract within a reasonable time hereafter;" by striking out the second ordering paragraph and by modifying the third and fourth ordering paragraphs so as to direct the defendants named therein to continue to hold down payment of $1,000, and the bond and mortgage, in accordance with the terms of the contract of sale. As

so modified, the judgment is unanimously affirmed, without costs. Although not an essential to jurisdiction, the contract contemplated that written approval and recommendation of the proposed modification of the reorganization of the first mortgage be obtained by the seller from the Mortgage Commission as a condition to the payment of $1,500 as an additional down payment by the purchaser. In view of the failure to obtain such approval, there was no breach in failing to make the additional down payment. It was due, in the light of such failure, only upon the making and entry of the order of approval itself. On the other hand the purchaser at the time it purported to do so had no right to elect to pay $1,000 less than the stipulated purchase price. A period of ninety days was allowed the seller within which to obtain an order of approval. In addition to a sixty-day period and " after " the expiration thereof, if the proposal for reorganization had been agreed to and a proceeding was pending, an additional period of thirty days was allowed within which to obtain the order of approval. This period did not terminate until May 24, 1939. Prior thereto, the purchaser elected to proceed as if there had been a failure on the part of the seller to obtain an order of approval. Both parties were too hasty in declaring each other in default. The contract will be deemed to be in full force and effect, save that in view of the circumstances, the seller shall be allowed an additional reasonable time within which to procure an order of approval of modification of the plan of reorganization of the first mortgage. Findings of fact and conclusions of law inconsistent herewith are disapproved. New findings and conclusions will be made. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ. Settle order on notice.